**[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 178.]**

CLEVELAND BAR ASSOCIATION *v*. TOLLIVER.

**[Cite as *Cleveland Bar Assn. v. Tolliver*, 1996-Ohio-83.]**

*Attorneys at law—Misconduct—Public reprimand—Neglecting an entrusted legal matter—Intentionally failing to carry out contract entered into with a client for professional services.*

(No. 95-2174—Submitted December 6, 1995—Decided March 5, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-60.

_____

{¶ 1} In an amended complaint filed April 26, 1993, relator, Cleveland Bar Association, charged respondent, Stanley E. Tolliver, Sr., of Cleveland, Ohio, Attorney Registration No. 0031969, with two counts of having violated DR 6-101(A)(3) (neglecting a legal matter entrusted to him); two counts of having violated DR 7-101(A)(2) (intentionally failing to carry out a contract entered into with a client for professional services); and one count of having violated DR 2-110(A)(2) (improperly withdrawing from employment). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on October 4, 1994 and November 2, 1994.

{¶ 2} Count I of the complaint alleged that respondent was retained by Homer Sherrell, Sr. and his wife, Ora Mae, to represent their son, Homer Sherrell, Jr., in an appeal from a felony conviction before the Fifth District Court of Appeals. Respondent was paid $10,000 by Mr. and Mrs. Sherrell to pursue this appeal. On November 13, 1989, the court of appeals affirmed the conviction, and Mrs. Sherrell paid respondent $2,500 to perfect an appeal before the Supreme Court of Ohio, along with co-counsel, Jimmie Mack, Jr. Respondent gave Ora Mae Sherrell a receipt with the notation "Appeal-Supreme Ct." Subsequently, respondent and

Mack filed a notice of appeal to this court on behalf of Homer Sherrell, Jr.  On January 16, 1990, this court denied appellant, Homer Sherrell, Jr.'s request for an extension of time to file a memorandum in support of jurisdiction.  See *State v. Sherrell*, case No. 90-89.  On April 6, 1990, this court dismissed the appeal for failure to prosecute with requisite diligence since respondent failed to file a memorandum in support of jurisdiction as required by the Supreme Court Rules of Practice.  50 Ohio St.3d 716, 553 N.E.2d 1370.  During the pendency of the appeal, respondent had repeatedly assured Sherrell and his parents that all documents had been filed and they were merely awaiting the decision of the court.  Respondent failed to notify Sherrell or his parents of the dismissal, or the reasons behind it.

{¶ 3} Sherrell and his parents thereafter retained new counsel who filed a motion before this court to reconsider the dismissal.  Said motion was denied on July 25, 1990.  53 Ohio St.3d 706, 558 N.E.2d 62.  The Sherrells requested that respondent refund the $2,500 he received to pursue the appeal.  Upon respondent's refusal to refund the money, Sherrell's parents filed an action against respondent and Mack in the Canton Municipal Court to recover the $2,500 fee.  The Sherrells eventually obtained a consent judgment against respondent in the amount of $2,500 plus interest and court costs.  The action against Mack was dismissed with prejudice by agreement. The judgment in installments was satisfied on August 3, 1992.

{¶ 4} Count II alleged that respondent was retained by Lovell Richardson in February 1991 to represent him in a criminal indictment for dealing in drugs pending in the Cuyahoga County Court of Common Pleas, case No. 260551.  Richardson paid respondent $5,000 to represent him.

{¶ 5} Richardson was later convicted, and respondent agreed to handle the appeal.  Respondent filed a notice of appeal in the court of appeals, case No. 62132.  On August 26, 1991, the appellate court dismissed the appeal *sua sponte*, for failure to file a precipe.  A second notice of appeal was filed November 1, 1991 with a

precipe and other documents attached. However, this appeal was dismissed on November 29, 1991 for not being timely filed.

{¶ 6} The complaint further alleged that respondent failed to notify Richardson that the second appeal had been dismissed, despite inquiries by Richardson to respondent. In addition, the complaint alleged that respondent withdrew from his employment without notifying Richardson or obtaining permission from the court to withdraw as counsel. Acting *pro se*, Richardson sought and was granted the right to file a delayed appeal on February 24, 1992.

{¶ 7} At the hearing before the board, both respondent and Mack testified that they determined that a more effective way to handle Sherrell's case would be to file a petition for postconviction relief in the court of common pleas pursuant to R.C. 2953.21. They claimed that this strategy would allow them to build a better record for appeal than a direct appeal to the Supreme Court, because they could include transcripts from both of Sherrell's trials. Then, if the common pleas court denied the postconviction relief petition, they could go through the appellate process, ultimately appeal to the Ohio Supreme Court with a more complete record than that which would be available from Sherrell's second trial.

{¶ 8} With regard to Count I, the panel found that respondent had violated DR 6-101(A)(3) and 7-101(A)(2). The panel also found that even though respondent's claimed appellate strategy might have been successful, it was done without consulting with or obtaining the consent of the client, and was an effort to cover up respondent's failure to properly prosecute the appeal to this court or to advise Sherrell of this court's decision.

{¶ 9} With respect to Count II, the panel found that there was no clear and convincing evidence of any violation as charged in the complaint.

{¶ 10} While the panel felt that a private reprimand may have been a more suitable sanction, it recognized that such sanction is no longer available as an option. Therefore, the panel recommended a public reprimand for these violations.

**{¶ 11}** The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be publicly reprimanded and further, that the costs of the proceedings be taxed to respondent.

_____

*Seymour R. Brown, John R. Jewitt, Jr.,* and *David A. Schaefer*, for relator.

*Wesley A. Dumas, Sr*., for respondent.

_____

***Per Curiam.***

**{¶ 12}** This court agrees with the findings and recommendation of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____